IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Melvin Earl Wiley, | ) | |
| | ) | |
| | ) | Civil Action No. 6:15-1268-BHH-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| J. Wardlaw, *South Carolina Highway Patrol*; | ) | |
| Greenville County Jail; | ) | |
| State of South Carolina; | ) | |
| CR Garrett, *of Summary Court,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff is a resident of Taylors, South Carolina. In the above-captioned case, the plaintiff has brought suit against a "trooper" for the South Carolina Highway Patrol, the Greenville County Jail, the State of South Carolina, and "C R Garrett of Summary Court." It can be judicially noticed that "C R Garrett" is the Honorable Charles R. Garrett, a Greenville County Magistrate.

The above-captioned case arises out of a traffic stop in Taylors, South Carolina, on Tuesday, February 3, 2015. Trooper Wardlaw stopped the plaintiff's vehicle for having an expired license tag (doc. 1 at 3). The plaintiff states that he presented to Officer Wardlaw an "Affidavit of Public Notice," which appears to have been a sovereign citizen-type document (*id.*). According to the plaintiff, he told Trooper Wardlaw that he (the plaintiff) did not need a license to drive, a vehicle registration, or insurance (*id.*). Trooper Wardlaw arrested the plaintiff, and the plaintiff's car was impounded (*id.* at 4). The plaintiff states that he refused to be booked into the Greenville County Jail, and that, as a

consequence of his refusal to be booked, the jail could not provide him medical attention (*id.*). When taken to court, the plaintiff refused to stand and attempted to file his sovereign citizen documents (*id.* at 4). As a result, Magistrate Garrett entered a "not guilty" plea for the plaintiff and issued a "subpoena" directing the plaintiff to appear in court (*id.* at 5). In what appears to be a prayer for relief, the plaintiff seeks his rights as a "natural man" and protection from the harassment of the defendants. Appended to the complaint are various sovereign citizen documents prepared by the plaintiff (doc. 1-1, doc. 1-2, and doc. 1-3).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The documents (doc. 1-1, doc. 1-2, and doc. 1-3) appended to the complaint indicate that the above-captioned case is a frivolous "sovereign citizen" case, where misguided litigants have attempted to challenge state or federal governmental authority. *See Audio Invs. v. Robertson*, 203 F. Supp. 2d 555, 569 n. 4 (D.S.C. 2002) (noting attempted use of self-created documents by tax protesters, sovereign citizens, and militia-type groups), *aff'd*, No. 02-1681, 67 F. App'x 795 (4th Cir. June 17, 2003); *see also Wohlstrom v. Wilmore*, Civil Action No. 0:12-2338-MBS-PJG, 2012 WL 5355966 (D.S.C. Sept. 26, 2012) (recommending summary dismissal of "land patent" case filed by sovereign citizen), *adopted by* 2012 WL 5354996 (D.S.C. Oct. 30, 2012).

The Greenville County Jail (Greenville County Detention Center) is not a "person" subject to suit under Section 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases). Hence, the Greenville County Jail is subject to summary dismissal as a party defendant.

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Magistrate Charles R. Garrett is a magistrate for the Summary Court (magistrate court) for Greenville County. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); and *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In re Hughes*, 710 S.E.2d 75, 75–76 (S.C. 2011). Magistrate Garrett is immune from suit with respect to his actions in the plaintiff's summary court case. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

In light of the plaintiff's admitted and deliberate refusal to produce a valid driver's license, vehicle registration, or proof of insurance during the traffic stop, the plaintiff has not raised a facially-valid claim of false arrest because the plaintiff's refusals were committed in the presence of Trooper Wardlaw and because Trooper Wardlaw made the arrest at the time of the violations or immediately thereafter.  *See Zimbelman v. Savage*, 745 F. Supp. 2d 664, 670–71 (D.S.C. 2010); and S.C. Code Ann. § 17-13-30 ("The sheriffs and deputy sheriffs of this State may arrest without warrant any and all persons who, within their view, violate any of the criminal laws of this State if such arrest be made at the time of such violation of law or immediately thereafter.") (Westlaw 2015); *see also Maryland v. Pringle,* 540 U.S. 366, 370 (2003) ("A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause.").

Any claim of malicious prosecution against Trooper Wardlaw is premature because a right of action has not yet accrued.  *See McCormick v. Wright*, Civil Action No. 2:10-00033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.") (holding that *Heck v. Humphrey*, 512 U.S. 477 (1994), is applicable to malicious prosecution claims by pre-trial detainees and those awaiting trial).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

| | |
|---|---|
| March 20, 2015 | s/Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).